1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

WILLIAM D. MCCANN,

        Plaintiff,

vs.

QUALITY LOAN SERVICE CORP., et al,

        Defendants.

Case No. 3:19-CV-00573-RCJ-WGC

**ORDER**

Plaintiff filed this suit in state court, and Defendants removed to this Court. Currently, Plaintiff moves to remand, and Defendants move to dismiss and strike. Finding a question of whether removal was properly effected, the Court remands the case to state court and denies the remaining motions without prejudice due to lack of jurisdiction.

## FACTUAL BACKGROUND

The underlying case revolves around a lengthy attempt by various parties to foreclose on Plaintiff's property. In response to those attempts, Plaintiff filed various tort claims, including federal causes of action, against the thirteen Defendants in the Ninth Judicial District for the State of Nevada, Douglas County. Two separate notices of removal were filed in the state court and the

///

removed cases were then consolidated before this Court. (ECF No. 29.)[1] Following consolidation, Plaintiff moved to remand to state court (ECF No. 46) and Defendants moved to dismiss the claims (ECF Nos. 33, 42, 71, and 72).

**LEGAL STANDARD**

A defendant sued in state court may remove the action to federal court upon filing a notice of removal. 28 U.S.C. §§ 1441(a), 1446(a). A plaintiff objecting to removal may file a motion to remand arguing either that the federal court lacks subject-matter jurisdiction or that there were procedural defects in the removal procedure. 28 U.S.C. § 1447(c). "The party invoking the removal statute bears the burden of establishing federal jurisdiction." *Ethridge v. Harbor House Restaurant*, 861 F.2d 1389, 1393 (9th Cir. 1988) (citing *Williams v. Caterpillar Tractor Co.*, 786 F.2d 928, 940 (9th Cir. 1986)). A removing "defendant also has the burden of showing that it has complied with the procedural requirements for removal." *Riggs v. Plaid Pantries, Inc.*, 233 F. Supp. 2d 1260, 1264 (D. Or. 2001).

There is a strong presumption against removal; thus, the removal statutes are to be construed restrictively and any doubt about the right of removal is resolved in favor of remand. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941). In determining whether removal is proper, the Court looks to the entire record before it and additionally considers the state court record created prior to removal. *See ARCO Envtl. Remediation, LLC v. Dep't of Health & Envtl. Quality of the State of Mont.*, 213 F.3d 1108, 1117 (9th Cir. 2000) ("[I]n determining whether a removal petition is incurably defective, the court not only examines the specific allegations of the petition itself, but also must scrutinize the record of the state court proceedings.")

---

[1] Defendant Quality Loan Service Corporation filed the petition for removal in Case number 3:19-CV-00584-RCJ-WGC. However, due to this Court's consolidation order, which transferred over only the notices of consent and not the petition for removal, the Court views it as a "consenting" party rather than a "removing" party. Thus, the Court neither considers its petition for removal nor requires it to respond to the amended motion to remand.

(quoting *N. Ill. Gas Co. v. Airco Indus. Gases, A Div. of Airco, Inc.*, 676 F.2d 270, 273 (7th Cir. 1982)).

## ANALYSIS

Plaintiff argues that removal was improper in the instant case for multiple reasons; the Court agrees in part, finding that the unanimity requirement has not been met.[2] First, Plaintiff argues that removal was void *ab initio* because the law firm that filed one of the notices of removal was a foreign entity not registered with the Nevada Secretary of State, and therefore had no authority to practice in Nevada. Plaintiff is half right. Ghidotti Berger LLP is a foreign entity. A foreign LLP that has not registered with the Secretary of State "may not commence or maintain any action, suit or proceeding in a[]" Nevada court until it has registered. NRS 87.5405(2). However, Plaintiff's argument ignores the very next subsection, which holds that failure to register "does not . . . prevent the foreign [LLP] from *defending* any action, suit, or proceeding in any" Nevada Court. NRS 87.5405(3) (emphasis added).

Plaintiff next contends that removal was procedurally defective because Defendants failed to provide notice of removal to other parties in compliance with 28 U.S.C. § 1446(d). Plaintiff's argument is incorrect. Section 1446(d) requires a removing party to provide notice "to all adverse parties." It does not require a removing party to provide notice to co-defendants who have not assumed an adverse posture (i.e. by filing crossclaims).

Plaintiff's third argument is that removing Defendants failed to obtain consent to removal from all necessary parties. Plaintiff is correct that removal based solely on federal question jurisdiction cannot occur without the consent of all "properly joined and served" defendants. 28 U.S.C. § 1446(b)(2)(A); *cf. Chicago, Rock Island, & Pacific Ry. Co. v. Martin*, 178 U.S. 245,

---

[2] Because the Court finds removal procedurally defective, it does not reach Plaintiff's abstention arguments.

247–48 (1900) (describing the judicially-created "rule of unanimity"). Nevertheless, there are two relevant categories of defendants for which consent is not required: those not "properly joined and served in the action," *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988), otherwise known as the "unserved defendant" or "nonservice" exception, and nominal defendants, *Hewitt v. City of Stanton*, 798 F.2d 1230, 1232–33 (9th Cir. 1986).

Here, there are four served defendants who have not yet consented to removal: Deutsche Bank Trust Company Americas ("Deutsche Bank"), Residential Accredit Loans, Inc. (2005QA1) ("Residential"), U.S. Bank Trust N.A. ("U.S. Bank"), and Mr. Inku Nam. Two of those defendants, Deutsche Bank and Residential, were not properly served as service was performed by Ms. Jin Lan McCann, who is Plaintiff's wife and an interested party. (ECF No. 69 Ex. 1 at 1–2; Ex. 3 at 1–2); *see Sawyer v. Sugarless Shops, Inc.*, 792 P.2d 14, 17 (Nev. 1990) (holding service improper when not performed by a disinterested party). Furthermore, where a defendant has not been properly served under state rules prior to removal, mere completion of the state process does not perfect service. *Beecher v. Wallace*, 381 F.2d 372, 373 (9th Cir. 1967). Instead, "[t]he state court process becomes null and void on the date the action is removed to federal court." *Id.* Therefore, Defendant Nam, although properly served under state law, was not served prior to removal, as service occurred on September 16, 2019 and the notice of removal was filed on September 13, 2019. Consequently, the consent of Defendant Nam is not required.[3] It is the final defendant, U.S. Bank, which presents an issue.

Defendant U.S. Bank was properly served on September 12, 2019, prior to removal. (ECF No. 69 Ex. 2 at 4.) There does, however, exist some question as to whether Defendant U.S. Bank is a nominal defendant. Nominal defendants are those whose "role is limited to that of a stakeholder

---

[3] Nonetheless, Defendant Nam has filed motions to dismiss with this Court. (ECF Nos. 71–72.) This Court interprets Defendant Nam's acknowledgment of the Court's authority to dismiss the claims against him as implicit consent to this Court's jurisdiction upon removal.

or depository." *Hewitt*, 798 F.2d at 1233 (citing *Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Pressmen & Assistants' Local 349*, 427 F.2d 325, 327 (5th Cir. 1970)). That is, they are parties which are "neither necessary nor indispensable." *Tri-Cities*, 427 F.2d at 327. A test cited with approval by the Ninth Circuit is "whether in the absence of the defendant, the Court can enter a final judgment consistent with equity and good conscience which would not be in any way unfair or inequitable to plaintiff." *Id.* (alterations omitted) (quoting *Storybrook Tenants Ass'n, Inc. v. Alpert*, 194 F. Supp. 552, 559 (D. Conn. 1961)).

Here, the Court cannot determine with certainty from the face of the complaint that Defendant U.S. Bank is a nominal party. Indeed, removing Defendants do not address Defendant U.S. Bank at all in their response to the motion to remand. From the face of the complaint, it appears that Defendant U.S. Bank is not a nominal defendant because if, as alleged, it claims to have an interest in the property, (ECF No. 1 Ex. 1 at 12, ¶ 11), granting quiet title against all other defendants would not extinguish its claim. Thus, Plaintiff would not be able to fully resolve his claims.

Nonetheless, even if Defendant U.S. Bank is a proper defendant, there is still the matter as to whether removing Defendants were required to obtain its consent to removal. *See Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1266 n.6 (9th Cir. 1999), *superseded by statute on other grounds*, Class Action Fairness Act of 2005, Pub. L. 109-2, 119 Stat. 12 (2005) (noting, but not holding dispositive in finding remand appropriate, the fact that proof of service existed for at least four non-joining defendants). Courts are divided on how to approach situations, such as the one here, where service of the non-consenting party occurs immediately before removal. *Compare Cohen v. Hoard*, 696 F. Supp. 564 (D. Kan. 1988) (applying bright-line rule that once a defendant has been served, the nonservice exception no longer applies) *with Lopez v. BNSF Ry. Co*, 614 F. Supp. 2d 1084 (E.D. Cal. 2007) (analyzing whether removing defendants had exercised "due

diligence" in checking for other served defendants prior to removal). Even those courts that apply the due diligence approach vary widely on what constitutes "due diligence." *See Lewis v. HSBC Bank USA, N.A.*, No. 17-00234 DKW-KSC, 2017 WL 3671279, at *3–4 (D. Haw. Aug. 25, 2017) (collecting cases). *Lewis* divided the due diligence courts into two categories: those that "require[d] the consent of served co-defendants, regardless of the filing of proofs of service . . . [and] found that diligence is lacking when removing defendants merely check the state court record for proofs of service as to co-defendants," and those that "allowed removing defendants to rely on the state court docket for filed proofs of service." *Id.*

Although the Court is inclined to apply the bright-line rule described in *Cohen*, because the text of § 1446(b)(2)(A) does not recognize any exceptions, it acknowledges that such a standard may not be conducive to the practicalities of litigation. However, the Court rejects removing Defendants' argument that the second approach to "due diligence" is the appropriate one. As *Lewis* so aptly stated:

> Section 1446(b)(2)(A) plainly requires the consent of defendants who have been "properly joined and served." Contrary to Removing Defendants' contentions, there is no qualification that § 1446(b)(2)(A)'s requirement is only triggered once a proof of service is posted on the electronic docket. Indeed, docketing of service-related documents, though informative to defendants seeking removal, has no bearing on whether a co-defendant has actually been served.

*Id.* at *5. The argument against considering checking the state docket once being sufficient diligence is especially strong in this case because Defendants removed only three days after being served.[4] *See Lewis*, 2017 WL 3671279 at *6 (noting that defendants removed the case only two weeks after being served and that "[h]ad Removing Defendants utilized the remainder of their removal window, further inquiries and diligence would probably have revealed that HSBC was

---

[4] Although the exact dates that all Defendants were served on is not clear, removing Defendant Servis One, d/b/a/ BSI Financial Services, states that it was served "on or about September 10, 2019." (ECF No. 1 at ¶ 1.)

served and they could have taken necessary steps to obtain HSBC's consent to removal").[5] Admittedly, Plaintiff does not explicitly point to Defendant U.S. Bank until his reply, but to focus solely on that is to ignore removing Defendants' burden to "affirmatively explain the absence of any co-defendants." *Riggs*, 233 F. Supp. 2d at 1267 (quoting *Prize Frize*, 167 F.3d at 1265).[6]

Furthermore, even without notice of service provided by the state court docket, removing Defendants still had notice of Defendant U.S. Bank being a named defendant from the complaint. *See, e.g.*, *Brady v. Lovelace Health Plan*, 504 F. Supp. 2d 1170, 1173 (D.N.M. 2007) ("[T]he [re]moving defendant is not excused from the consent requirement merely because it does not know whether a co-defendant has been served . . . . Here, [plaintiff's] initial complaint should have put [removing defendant] on notice of [the co-defendant.]"). On top of that, once removing Defendants received notice that Defendant U.S. Bank had been served, they could have amended the removal petition or requested leave to file a supplemental briefing addressing that fact. As the Seventh Circuit noted in a case that has been repeatedly cited with approval by the Ninth Circuit, "[a] removal petition may be amended freely within the thirty day period. Moreover, even after

---

[5] The record does not indicate when the State Court Clerk received the proofs of service, but the rejection of the filings due to removal was issued to Plaintiff on October 8, 2019. (ECF No. 61 Ex. 3.) Defendants ask this Court to strike those filings as improper, but the case they cite to is inapposite. *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996), rejects "new evidence . . . presented in a reply *to a motion for summary judgment*." (emphasis added). This ruling corresponds with our Local Rules. *See* LR 7-3(a) (allowing exhibits for motions for summary judgment and responses, but not replies). However, the Local Rules explicitly consider the ability of parties to provide evidence in replies to non-summary judgment motions. *See* LR 7-3(b). Plaintiff's unconventional practice of filing motions "request[ing] judicial notice" instead of simply attaching the exhibits to the documents may violate LR 7-2(g), but that argument has not been raised by Defendants. Nor did Defendants attempt to strike Plaintiff's first such motion, (ECF No. 47), nor any of the other similar motions, (ECF Nos. 8, 47, and 51), raising the possibility of waiver.

[6] While this quote applied to the notice of removal, it applies equally to responses to a motion to remand, as the essence of a motion to remand is that the removal notice was defective. Additionally, removing Defendants' statement that "no other parties have been served or have appeared in this matter," (ECF No. 1 at ¶ 5), is no longer true once Defendants have been put on notice of other instances of service (whether proper or not).

the thirty days have elapsed, amendments to correct 'defective allegations of jurisdiction' are permitted under 28 U.S.C. § 1653." *Illinois Gas*, 676 F.2d at 273.

Finally, even though federal courts are divided on how to apply § 1446(b), or what constitutes "due diligence," they are united in applying the well-settled standard that "[t]he burden of establishing federal jurisdiction is *upon the party seeking removal*, and the removal statute[s] [are] strictly construed against removal jurisdiction." *Emrich*, 846 F.2d at 1195 (emphasis added) (citations omitted); *see, e.g.*, *Carson v. Dunham*, 121 U.S. 421, 425 (1887) ("As [defendant] was the actor in the removal proceeding, it rested on her to make out the jurisdiction of the [federal] court."). This burden was explicitly placed on removing defendants by Congress. *See Shamrock Oil*, 313 U.S. at 106–107 ("We cannot assume that Congress, in thus revising the statute, was unaware of the history [of previous removal statutes allowing plaintiffs or defendants to remove] . . . or certainly that it regarded as without significance the omission from the earlier act of the phrase 'either party,' and the substitution [of the phrase 'defendant or defendants']."). Placing the burden on removing defendants also comports with the long-standing policy that "[d]ue regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the statute has defined." *Healy v. Ratta*, 292 U.S. 263, 270 (1934).

Consequently, the fact that Plaintiff, in his motion to remand, specifically identified some non-consenting defendants, but not others, does not relieve removing Defendants of their affirmative responsibility to examine the records of the state and federal proceedings to ensure that they have satisfied their statutory duty. *See, e.g.*, *WFG Nat'l Title Ins. Co. v. Dayden*, No. CV-17-4784, 2017 WL 3835675, at *5 (C.D. Cal. Aug. 31, 2017) (rejecting removing defendants' cursory statement that "[a]ll other defendants who have been served . . . have joined in this notice of removal," and remanding for failure of removing defendants to cure the defect).

Additionally, removing Defendants do not point to any case stating that a plaintiff properly objecting to removal on procedural grounds within the statutory thirty-day limit may still waive the right to remand by neglecting to include a single defendant in the list of non-consenting defendants. Had Plaintiff simply said, "there are non-consenting defendants," removing Defendants would have had the burden of explaining each non-consenting defendant. *See, e.g.*, *Tenn. Gas Pipeline Co. v. Cont'l Cas. Co.*, 814 F. Supp. 1302, 1310–11 (M.D. La. 1993) ("The clear language of the statute [supported by evidence of congressional intent] does not require plaintiff to set forth all arguments at the time the motion [to remand] is filed as long as the motion is filed within thirty days of the filing of the notice of removal . . . . As long as a motion to remand is timely filed within the thirty day period, the court should be allowed to determine *all* procedural defects which are raised while the motion to remand is pending.") (emphasis in original); *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 171 (S.D.N.Y. 2003) ("On a motion for remand, the party seeking to sustain removal, *not the party seeking remand*, bears the burden of demonstrating that removal was proper.") (emphasis added) (quoting *Hodges v. Demchuk*, 866 F. Supp. 730, 732 (S.D.N.Y. 1994)).

That does not change simply because the Plaintiff used more specificity than necessary. To hold otherwise would conflict with the policy of interpreting the removal statutes narrowly. Nor may the Court ignore the record. *See Louisville & Nashville R.R. Co. v. Motley*, 211 U.S. 149, 152 (1908) (noting that it is the duty of a federal court to ensure that its jurisdiction granted by statute is not exceeded). Therefore, the Court cannot say with certainty that removal was proper, and thus is bound by the directive that "[f]ederal jurisdiction *must* be rejected if there is *any* doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (emphasis added) (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)). ///

**CONCLUSION**

IT IS HEREBY ORDERED that Plaintiff's Amended Motion to Remand (ECF No. 46) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Motion to Remand (ECF No. 7) is DENIED AS MOOT.

IT IS FURTHER ORDERED that Defendant's Motion to Dismiss (ECF No. 33) is DENIED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Defendants' Motion to Dismiss (ECF No. 42) is DENIED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Defendant's Motion to Strike (ECF No. 65) is DENIED.

IT IS FURTHER ORDERED that Defendant's Motion to Strike (ECF No. 66) is DENIED.

IT IS FURTHER ORDERED that Defendant's Motion to Dismiss (ECF No. 71) is DENIED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Defendant's Motion to Dismiss (ECF No. 72) is DENIED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that the Clerk shall close this case.

IT IS SO ORDERED.

Dated July 8, 2020.

ROBERT C. JONES
United States District Judge